## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

|  |  |  |
|---|---|---|
| | § | |
| | § | |
| IN RE: | § | |
| SUBPOENA TO TIME WARNER | § | Case No. 4:11-MC-00019 |
| CABLE INC. | § | |
| | § | |

---

## TIME WARNER CABLE INC.'S MOTION TO QUASH, OR, IN THE ALTERNATIVE, TO TRANSFER TO THE NORTHERN DISTRICT OF TEXAS

---

March 7, 2011

Respectfully submitted,

John T. Cox III
Texas Bar No. 24003722
Elizabeth Y. McElroy
Texas Bar No. 24067758
**LYNN TILLOTSON PINKER & COX, LLP**
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
(214) 981-3800 Telephone
(214) 981-3839 Facsimile

**ATTORNEYS FOR
TIME WARNER CABLE INC.**

## I.     INTRODUCTION

Time Warner Cable Inc. ("TWC") respectfully moves to quash the subpoena that was served upon it in the above-captioned matter.  (*See* App. 1-15.)  In the alternative, TWC asks the Court to transfer this case to the Honorable Royal Furgeson of the United States District Court for the Northern District of Texas.

The subpoena issued in the above-captioned docket is related to litigation that Judge Furgeson recently resolved in the Northern District of Texas.   The parties who served this subpoena – Lucas Entertainment, VCX Ltd., Harmony Films and Adult Source Media – each recently filed lawsuits in the Northern District of Texas against hundreds of anonymous John Doe defendants.  *See Lucas Entertainment, Inc. v. Does 1 - 65*, 3:10-cv-01407-F (N.D. Tex. filed July 17, 2010); *Lucas Entertainment Inc v. Doe 1 - 185*, 3:10-cv-01537-F (N.D. Tex. filed Aug. 9, 2010); *VCX Ltd., Inc. v. Does 1 - 113*, 3:10-cv-01702-F (N.D. Tex. filed Aug. 27, 2010); *Harmony Films Ltd. v. Does 1 – 739*, 3:10-cv-2412-F (N.D. Tex. filed Nov. 25, 2010); *Adult Source Media v. Does 1 – 247*, 3:10-cv-2605-F (N.D. Tex. filed Dec. 21, 2010).  In each case, the plaintiffs filed identical complaints alleging that unknown defendants violated their copyrights by unlawfully distributing their motion pictures (including pornographic motion pictures) over the Internet using the "bit torrent" peer-to-peer protocol.

Movant Time Warner Cable Inc. ("TWC"), which operates as an Internet Service Provider ("ISP") under the name "Road Runner," was not a party to any of those cases.  TWC became involved in the cases because the plaintiffs filed their lawsuits but did not know the identities of the Doe defendants.  Plaintiffs served on TWC and other ISPs multiple large, highly burdensome third party subpoenas that demanded that the ISPs provide identifying information about large numbers of subscribers based on lists of Internet Protocol addresses.

Judge Furgeson of the Northern District of Texas issued a series of orders finding that plaintiffs' litigation was highly improper.  In each case, Judge Furgeson severed all but one Doe defendant on the ground that joinder of all of these disparate actors in a single litigation violated Federal Rule of Civil Procedure 20.  He also directed plaintiffs to show cause why the Court should not appoint an attorney *ad litem* to represent the remaining Doe defendant's interests prior to authorizing discovery.  (*See* App. 16-79.)  In response to Judge Furgeson's orders, the plaintiffs dismissed their litigation altogether.

Just days after dismissing their litigation, these same plaintiffs, represented by the same attorney, served the instant subpoena on TWC seeking information about the *exact same* Doe defendants that Judge Furgeson had just ordered severed.[1]  They did so through a single, massive subpoena of the kind that Judge Furgeson ruled was improper.  And, notably, they served their subpoena from this Court rather than from the Northern District of Texas, in a clear attempt to evade Judge Furgeson's orders and courtroom.

Plaintiffs' subpoena is invalid on its face.  The statute pursuant to which they served their subpoena, 17 U.S.C. § 512(h), authorizes subpoenas to ISPs when the plaintiff are alleging that the ISP has copyrighted information *residing on its systems or networks*.  But that is not what these plaintiffs are alleging.  They do not claim that TWC has any copyrighted material on its systems.  Rather, they claim that anonymous end users allegedly *transmitted* copyrighted material using a TWC internet connection as a conduit.  But the case law is clear that "§ 512(h) does not authorize the issuance of a subpoena to an ISP acting solely as a conduit for communications the content of which is determined by others." *Recording Indus. Ass'n of Am.,*

---

[1]      A comparison of the IP addresses contained in the instant subpoena to those contained in the subpoenas that plaintiffs served on TWC in connection with the litigation in the Northern District of Texas reveals that the instant subpoena seeks information about the exact same IP addresses that are identified as Road Runner subscribers in those cases.

**TIME WARNER CABLE INC.'S MOTION TO QUASH, OR, IN THE ALTERNATIVE,     PAGE 3**
**MOTION TO TRANSFER TO THE NORTHERN DISTRICT OF TEXAS**
4822-9291-4184
DC\1421227.1

*Inc. v. Verizon Internet Servs.*, 351 F.3d 1229, 1231 (D.C. Cir. 2003), *cert. denied*, 543 U.S. 924 (2004); *see also Recording Indus. Ass'n v. Charter Communs., Inc.*, 393 F.3d 771 (8th Cir. 2005).  Consequently, the Court should quash the subpoena.

In the alternative, the Court should transfer this matter to Judge Furgeson in the U.S. District Court for the Northern District of Texas.  Judge Furgeson has resolved more than a dozen of these cases, and is intimately familiar with the issues.  Further, the filing of this matter in this Court is a transparent attempt to evade Judge Furgeson's earlier orders.  There is no hint of any connection between this subpoena and this jurisdiction; neither the plaintiffs nor TWC has any connection to this judicial district.  The Court should simply quash the subpoena because it is facially invalid, but if it declines to do so, it should transfer this motion to quash to Judge Furgeson of the Northern District of Texas, who has just spent several months addressing these same issues.  TWC requests a hearing on this motion.

## II.   ARGUMENT

### A.   Section 512(h) Does Not Authorize The Instant Subpoena, and Consequently the Court Must Quash the Subpoena.

The parties who served this subpoena, and who were plaintiffs in the parallel litigation in the Northern District of Texas, allege that certain unknown persons unlawfully distributed their copyrighted material over the Internet using a peer-to-peer protocol, specifically the bit torrent protocol.  Because their attempt to pursue these anonymous defendants through expansive, highly burdensome litigation was rejected, plaintiffs now turn to 17 U.S.C. § 512(h) as the authorization to obtain identifying information about the defendants.

Section 512(h) of the Digital Millennium Copyright Act, 17 U.S.C. § 512(h), authorizes the issuance of subpoenas in certain circumstances.  The leading decision interpreting 17 U.S.C. § 512 is the D.C. Circuit's opinion in *Recording Industry Association v. Verizon Internet*

*Services*, 351 F.3d 1229 (D.C. Cir. 2003).   The D.C. Circuit squarely held that § 512(h) does not authorize the issuance of subpoenas in the exact circumstances presented by this case.

As an initial matter, the D.C. Circuit recognized that § 512 creates four "safe harbors" for ISPs that immunize them from liability for copyright infringement.  *Verizon*, 351 F.3d at 1233. The safe harbor that applies here, subsection 512(a), immunizes ISPs "for infringement of copyright by reason of the [ISP's] transmitting, routing, or providing connections for" infringing material.  17 U.S.C. § 512(a).  By contrast, other safe harbors such as § 512(c) immunize ISPs for "information *residing on systems or network* at the direction of users," if the ISP, among other things, responds to notifications of alleged infringing activity by expeditiously removing material that is claimed to be infringing.  *Id.* § 512(c) (emphasis added).

Section 512(c) requires that anyone asserting that an ISP has infringing material residing on its systems must include in its notification "identification of the material that is claimed to be infringing or to be the subject of infringing activity and that is to be removed or access to which is to be disabled, and information reasonably sufficient to permit the service provider to locate the material."  17 U.S.C. § 512(c)(3)(A)(iii).  Crucially, as the D.C. Circuit recognized, § 512(h) by its terms expressly incorporates these requirements as statutory prerequisites for the issuance of a subpoena under that provision.  *Verizon*, 351 F.3d at 1232.  Section 512(h) expressly states as a "basis for granting [a] subpoena" that the subpoena may only be issued "if the notification filed satisfies the provisions of subsection (c)(3)(A)."  17 U.S.C. § 512(h)(4).

The D.C. Circuit's central holding was that this notification requirement cannot possibly be satisfied when the ISP is merely a conduit.  As the court explained, "infringing material obtained or distributed via P2P file sharing is located in the computer (or in an off-line storage device, such as a compact disc) of an individual user.  No matter what information the copyright

owner may provide, the ISP can neither 'remove' nor 'disable access to' the infringing material because that material is not stored on the ISP's servers.  [An ISP] can not remove or disable one user's access to infringing material resident on another user's computer because [the ISP] does not control the content on its subscribers' computers."  351 F.3d at 1235.  Likewise, the Eighth Circuit, in endorsing the D.C. Circuit's reasoning, held that "§ 512(h) is structurally linked to the storage functions of an ISP and not to its transmission functions, such as those listed in § 512(a)."  *Recording Indus. Ass'n v. Charter Communs., Inc.*, 393 F.3d 771, 777 (8th Cir. 2005).  These decisions hold that when the allegation is that the ISP has transmitted infringing material as a conduit, the requirements for a § 512(h) subpoena cannot be met as a matter of fact and law, and thus "§ 512(h) does not by its terms authorize" the issuance of a subpoena.  *Verizon*, 351 F.3d at 1236.

The D.C. Circuit further held that this result was consistent not only with the text of the statute, but also with its structure and legislative history.  *Id.* at 1236-39.  The court recognized that § 512(h)'s incorporation of subsection (c)'s notification requirements means that "§ 512(h) applies to an ISP storing infringing material on its servers in any capacity … and does not apply to an ISP routing infringing material to or from a personal computer owned and used by a subscriber."  351 F.3d at 1237.  The court also found that the legislative history did not contemplate peer-to-peer file sharing, and thus it was not surprising that Congress did not expect or intend § 512(h) to apply to such activities.

Multiple courts have endorsed the D.C. Circuit's reasoning.  *See, e.g., Recording Indus. Ass'n v. Charter Communs., Inc.*, 393 F.3d 771 (8th Cir. 2005); *Recording Indus. Ass'n of Am. v. Univ. of N.C. at Chapel Hill*, 367 F. Supp. 2d 945 (M.D.N.C. 2005); *Interscope Records v. Doe*, 494 F. Supp. 2d 388, 391 (E.D. Va. 2007).  Moreover, it is directly on point.  Here, as in

*Verizon*, plaintiffs allege that end users distributed files over an ISP's network using a peer to peer protocol, but they do not allege that the ISP has any infringing material residing on its servers. The requirements for issuance of a § 512(h) subpoena have not been satisfied, and cannot be satisfied, and the subpoena in this case thus is facially invalid.

Plaintiffs do not cite any case supporting the issuance of their subpoena. Rather, they just point to a Texas case that stands for the uncontroversial notion that out-of-circuit decisions are not binding. (*See* App. 1 (citing *Garrett v. Comcast Communs., Inc.* 2004 U.S. Dist. LEXIS 14218 (N.D. Tex. July 23, 2004).) But the *Garrett* decision does not help plaintiffs. First, the court in *Garrett* noted that the plaintiff in that case had not even alleged sufficient facts to determine whether the *Verizon* decision applied in the first place. 2004 U.S. Dist. LEXIS 14218 at *5 n.1. Second, the court did not disagree with the *Verizon* decision in any way. *Id.* In other words, plaintiffs have not identified any case in this circuit that disagrees with *Verizon* or suggests that it is not directly applicable to this situation.

In any event, even leaving aside the consistent case law from other jurisdictions rejecting plaintiffs' subpoena, the text of § 512(h) is clear on its face. Plaintiffs have not (and cannot) satisfy its requirements because they have not (and cannot) satisfy the mandatory notice provisions of § 512(c)(3)(A) which are incorporated into § 512(h) and which require them to identify the material "that is to be removed or access to which is to be disabled, and information reasonably sufficient to permit the service provider to locate the material." There simply is no such material, nor could there be. The Court therefore should quash the subpoena.

**B.     In the Alternative, the Court should Transfer the Case to the Northern District of Texas.**

Section 1404 of 28 U.S.C. authorizes this Court to transfer this matter to another district "for the convenience of the parties and witnesses, in the interest of justice." The court should

simply quash the subpoena because it is transparently invalid, but if the Court declines to quash the subpoena, it should transfer this matter to the Northern District of Texas.

There is no explanation why the instant subpoena was issued from this Court, aside from an apparent effort to evade Judge Furgeson's rulings in the Northern District of Texas.  The plaintiffs have no connection here:  the previously-filed complaints identify Lucas Entertainment as a New York corporation, Harmony Films as a United Kingdom company, VCX Ltd. as a Nevada corporation, and Adult Source Media as a California company.  Likewise, movant TWC has its headquarters in New York, and has its subpoena compliance team located in Virginia. The only evident connection to Texas is that plaintiffs' *attorney* has an office in Denton, Texas, which is within the Northern District of Texas.

Many of the IP addresses identified in the subpoena correspond to TWC subscribers who are not located in Texas, and it is far from clear that any Texas court could authorize discovery about such persons who are beyond the jurisdiction of the court.  But, at a minimum, the interests of justice support transferring this matter to the Northern District of Texas so that Judge Furgeson, who has extensive experience with these specific parties and these specific cases, may address the subpoena.  This matter is a "related case" to the earlier-filed litigations, as that term is defined by Northern District of Texas Local Rule 3.3(b), and thus this matter should be directed specifically to Judge Furgeson.

### III.    <u>CONCLUSION</u>

Because § 512(h) is clear on its face, and because it is readily evident that the subpoena fails to satisfy the statute's requirements, the Court should quash the subpoena.  If the Court declines to quash the subpoena, then Time Warner Cable Inc. respectfully requests that the Court transfer this case to the Honorable Royal Furgeson of the Northern District of Texas.

March 7, 2011                     Respectfully submitted,

                                  _/s/ John T. Cox III_
                                  John T. Cox III
                                  Texas Bar No. 24003722
                                  Elizabeth Y. McElroy
                                  Texas Bar No. 24067758
                                  **LYNN TILLOTSON PINKER & COX, LLP**
                                  2100 Ross Avenue, Suite 2700
                                  Dallas, Texas  75201
                                  (214) 981-3800 Telephone
                                  (214) 981-3839 Facsimile

                                  **ATTORNEYS FOR**
                                  **TIME WARNER CABLE INC.**


## CERTIFICATE OF CONFERENCE

I certify that counsel for Time Warner Cable Inc. conferred with counsel for Plaintiffs, Mr. Evan Stone, on March 4, 2011, regarding the relief requested in this Motion.  Counsel for Plaintiffs stated that Plaintiffs are opposed to the relief requested in this Motion.

                                  _/s/ John T. Cox III_
                                  John T. Cox III


## CERTIFICATE OF SERVICE

I certify that I served true and correct copies of the foregoing document was served upon the following party via ECF notification on March 7, 2011:

Mr. Evan F. Stone
Law Offices of Evan Stone
624 West University Drive, Suite 386
Denton, Texas 76201
469-248-5238

                                  _/s/ John T. Cox III_
                                  John T. Cox III

---

**TIME WARNER CABLE INC.'S MOTION TO QUASH, OR, IN THE ALTERNATIVE,     PAGE 9**
**MOTION TO TRANSFER TO THE NORTHERN DISTRICT OF TEXAS**
4822-9291-4184
DC\1421227.1